BLANK ROME LLP
Cheryl S. Chang (SBN 237098)
cheryl.chang@blankrome.com
Victor Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Attorneys for Defendant
AIR PRODUCTS AND CHEMICALS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ROMAN OULKO, an individual,

Plaintiff,

vs.

FIRST ELEMENT FUEL, INC., a California Stock Corporation, dba TRUE ZERO; SHELL USA, INC., dba SHELL OIL COMPANY, a Texas corporation; AIR PRODUCTS AND CHEMICALS, INC.; CHEVRON U.S.A. INC.; IWATANI CORPORATION OF AMERICA; and DOES 1 through 10, inclusive

Defendants.

Case No. 2:25-cv-8899

[Removed from Superior Court of California, County of Los Angeles, Case No. 25STCV23978]

**NOTICE OF REMOVAL BY DEFENDANT AIR PRODUCTS AND CHEMICALS, INC., OF ACTION TO FEDERAL COURT**

State Action Filed: 08/15/2025

**TO THIS HONORABLE COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Air Products and Chemicals, Inc. ("APC"), hereby removes the above-captioned matter from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. The grounds for removal are as follows:

## I. STATEMENT OF JURISDICTION (L.R. 8-1)

This Court has original jurisdiction over this action under 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because Plaintiff's Complaint seeks relief under 18 U.S.C. § 1962, part of the federal Racketeering Influenced and Corrupt Organization Act ("RICO").[1]

## II. CLAIMS AND PROCEDURAL HISTORY

On August 18, 2025, Plaintiff Roman Oulko[2] filed a Complaint in the Superior Court of California, County of Los Angels ("Complaint"), entitled *Roman Oulko v. First Element Fuel, Inc., et al.*, Case No. 25STCV23978 ("State Court Action"). The Complaint alleges one cause of action for unjust enrichment and one pursuant to RICO related to the defendants' various businesses sourcing, distributing, and dispensing hydrogen vehicle fuel in California.

Plaintiff served APC with a copy of the Complaint on August 19, 2025. (*See* Ex. I, Proof of Service.) Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

---

[1] This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's other claim, as detailed below.

[2] Despite two stray references to "class members" (Ex. C ¶¶ 47, 51), Oulko makes no class allegations and marked that his case was not a class action on the state court civil cover sheet (Ex. A).

## III. BASIS FOR REMOVAL: FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

### A. Plaintiff's RICO Claim Arises Under Federal Law

This case is removable because this Court has original jurisdiction of this action under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." The instance in which "a case arises under federal law" is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

Pursuant to 28 U.S.C. §§ 1441(a), the State Court Action may be removed to this Court because Oulko's alleges that the defendants violated RICO, 18 U.S.C. § 1962. It is well established that actions brought under RICO are removable to federal court. *See, e.g.*, *O'Neill v. California Physicians' Serv.*, No. 25-CV-00876, 2025 WL 1088197 (N.D. Cal. Apr. 11, 2025) (denying motion to remand civil RICO claim and related state-law claim).

### B. This Court Has Supplemental Jurisdiction Over Oulko's State Law Claims

Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Oulko's unjust enrichment claim because it is based on the same common nucleus of operative facts as his RICO claim. *See Bahrampour v. Lampert,* 356 F.3d 969, 978 (9th Cir. 2004) (A state and federal claim are part of the same "case or controversy" when the state claim shares "a common nucleus of operative fact[s] with the federal claims.").

Based on the Complaint, Oulko's claims are such that he would ordinarily be expected to try them all in one judicial proceeding and there is a substantial nexus of operative facts between his claims under state and federal law. Specifically, the Complaint alleges that both his unjust enrichment claim and at least part of his RICO claim are based on alleged errors in the amount of hydrogen dispensed or charged by

certain defendants. *Compare, e.g.*, Compl. ¶ 41 (alleging in unjust enrichment claim that "Defendants systematically charge consumers for hydrogen fuel that was never delivered because it is physically impossible to deliver the quantities charged.") *with* Compl. ¶ 57 (alleging in RICO claim that "The [RICO] Enterprise operates with a common purpose of extracting maximum revenue from captive hydrogen vehicle owners through coordinated overcharging and price manipulation.").

Accordingly, APC is entitled to remove this action to this Court under 28 U.S.C. § 1441 as this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## IV. ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

Timeliness of Removal: This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of August 19, 2025, the date service of the Summons and Complaint was completed on APC. (Ex. I, Proof of Service.) *See Murphy Bros. v. Michetti Pipe Strining, Inc.*, 526 U.S. 344, 348 (1999) (the 30-day removal period runs from the service of the summons and complaint).

Removal to Proper Court; Venue: Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). Oulko originally brought the State Court Action in the Superior Court for the State of California, County of Los Angeles. Therefore, pursuant to 28 U.S.C. § 84(c)(2), this Notice of Removal is properly filed in the Central District of California.

Joinder: All defendants who have been named and served and for whom APC has contact information consent to removal. 28 U.S.C. § 1446(b)(2)(A).

Notice to Court and Parties: Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Oulko's attorneys of record, Ingber Law Group, 3580 Wilshire Blvd., Suite 1260, Los Angeles, CA 90010. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court

of the state of California for the County of Lost Angeles, attached to which will be a copy of this Notice of Removal and all of its exhibits.

Pleadings and Process: Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached to this Notice of Removal, as follows:

| **EX** | **DOCUMENT** |
|---|---|
| **A** | Civil Case Cover Sheet (08/15/2025) |
| **B** | Summons (08/15/2025) |
| **C** | Complaint (08/15/2025) |
| **D** | Notice of Case Assignment (08/15/2025) |
| **E** | Alternative Dispute Resolution Packet (08/15/2025) |
| **F** | Notice of Case Management Conference (08/18/2025) |
| **G** | Order to Show Cause Failure to File Proof of Service (08/18/2025) |
| **H** | Clerks Certificate of Service of Order to Show Cause (08/18/2025) |
| **I** | Proof of Personal Service on Air Products and Chemicals, Inc. (08/19/2025) |
| **J** | Proof of Personal Service on Shell USA, Inc. (08/19/2025) |
| **K** | Proof of Personal Service on Chevron U.S.A, Inc. (08/19/2025) |
| **L** | Declaration of Due Diligence on Iwatani Corporation of America (08/20/2025) |

## V. CONCLUSION

Based on the foregoing, APC respectfully requests that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. If any question arises regarding the propriety of the removal of this action, APC respectfully requests

the opportunity to submit any such additional argument or evidence in support of removal of this action.

DATED: September 18, 2025 BLANK ROME LLP

By: */s/ Cheryl S. Chang*
Cheryl S. Chang
Victor Sandoval
Attorneys for Defendant
AIR PRODUCTS AND CHEMICALS, INC.

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendant Air Products and Chemicals, certifies that this brief contains 1112 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 18, 2025

BLANK ROME LLP

By: */s/ Cheryl S. Chang*
Cheryl S. Chang
Victor Sandoval
Attorneys for Defendant
AIR PRODUCTS AND CHEMICALS, INC.